FRUGÉ, Judge.
This is a tort action arising out of an automobile accident between plaintiff Richard Parker and the defendant’s insured, Albert Armistead. The accident occurred at approximately 8:30 P.M. on July 14, 1962, near Lake Charles. As plaintiff was proceeding south on Highway 171, he was struck from the rear by an automobile driven by defendant’s insured. Thereafter plaintiff brought this suit for damages allegedly received as a result of the accident. Defendant answered contending no negligence on the part of its insured; in the alternative, it argued that if its insured was negligent the plaintiff was barred from recovery because of contributory negligence. The district court rendered judgment for defendant. From this judgment plaintiff appeals.
The testimony is conflicting. Plaintiff’s evidence showed the following: Plaintiff •was riding down the road at a reasonable rate of speed. After looking back, slowing down and signaling that he was turning left, he was hit from the rear by defendant’s insured. Although he had consumed a small amount of beer, plaintiff was not intoxicated.
Defendant’s evidence presents the following factual situation: Defendant was traveling behind the plaintiff’s pickup truck. Without signaling, the plaintiff slowed down and started turning left toward a Mercury service station. The plaintiff decided not to turn left, swerved back into the road and accelerated as if he were going to proceed down the highway. Then plaintiff suddenly stopped right in the road. Defendant’s insured immediately applied his brakes but could not avoid hitting plaintiff’s truck. State Troopers testified that they smelled alcohol on the plaintiff and that he had difficulty in walking because of his drunken condition.
“Generally, a motorist intending to stop or suddenly slow down his vehicle must use due care for his own safety and for the safety of others, such as other vehicles following so closely behind him that they may be imperiled by a sudden stop.” 60 C.J.S. Motor Vehicles § 301; Little v. Hughes, La.App. (1st Cir.), 136 So.2d 448.
Although the testimony is conflicting, the trial judge was more favorably impressed with the evidence introduced by the defendant than that produced by the plaintiff. He therefore concluded that “the plaintiff did suddenly block the path of the Armistead vehicle through negligence which Mr. Armistead could not reasonably anticipate, and that this was a proximate cause of the accident which bars the plain *153 tiff’s recovery herein.” Trial Record p. 336. Our review of the record shows that the trial judge was not manifestly erroneous in his conclusions. We therefore affirm his findings.
For the foregoing reasons the judgment of the district court is affirmed. Plaintiff is assessed costs of this appeal.
Affirmed.